UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Scotty's Pub & Bottle Shop, Inc.,

Plaintiff,

vs. MINUTE ORDER

Badger Mutual Insurance Co.,

Defendant. Civ. No. 01-140(DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of January, 2002.

* * *

On January 3, 2002, the Court heard argument on the Plaintiff's Motion to Amend the Pretrial Scheduling Order. At the time of the Hearing, the Plaintiff appeared by Robert J. Patient, Esq., and the Defendant appeared by Patrick R. Martin, Esq. We grant the Plaintiff's Motion, in part.

This action involves a fire which destroyed the building in which the Plaintiff did business -- Scotty's Pub & Bottle Shop, Inc. As a consequence, the Plaintiff has submitted a claim, to its insurer -- the Defendant -- for losses from the fire which are alleged to be in excess of $500,000.00. In the course of preparing the case for Trial, the parties have attempted to conduct discovery, including the compilation of documents that are in the posses-

FILED JAN 04 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

sion of the State Fire Marshal, Mark Germain ("Germain"), and have taken numerous depositions. There was some prior dispute as to the disclosure of Germain's documents, which relate to the fire in question, and which may contain information as to an ongoing criminal investigation that is related to that fire, but the parties suggest that the dispute appears to have resolved.[1] The parties further agree that additional depositions will be required, and that the extended discovery has precluded the full disclosure of expert opinion evidence.

Currently, the pretrial deadlines are as follows: the Plaintiff's expert disclosures were due on September 15, 2001; the Defendant's expert disclosures were due on November 15, 2001; discovery was to conclude on December 30, 2001; all nondispositive Motions were to be heard by January 1, 2002; all dispositive Motions were to be heard by February 28, 2002; and the case was to be "Ready for Trial" on February 28, 2002. The Plaintiff seeks an extension in these dates from ninety and one hundred and twenty days. We find such an extension appropriate, as to some of the

---

[1]As we did at the time of the Hearing, we draw the parties' attention to our earlier decision in Dunlap v. Chubb Life Ins. Co. of America, 981 F. Supp. 1201 (D. Minn. 1997), we addresses the interaction between Minnesota Statutes Section 13.01 et seq., as the Minnesota Government Data Practices Act relates to ongoing criminal investigations, and the need for relevant discovery in Federal Courts. Since the issue of disclosure appears to have been resolved, we do not consider it further.

deadlines, but not for others. We understand that Germain will be producing the requested discovery,[2] as well as appearing for his deposition on or before January 10, 2002, and that the parties were able to complete the depositions of a number of other persons on December 19, 2001. Accordingly, we will modify the pretrial dead-lines as follows: the Plaintiff's expert disclosures are due on **January 30, 2002**; the Defendant's supplemental expert disclosures are due on **February 28, 2002**; discovery will conclude on **March 15, 2002**; nondispositive Motions will be filed and heard by **March 30, 2002**; dispositive Motions will be heard by **April 30, 2002**, and the case will be "Ready for Trial" on **April 30, 2002**. To that extent, we grant the Plaintiff's Motion.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Amend the Pretrial Scheduling Order [Docket No. 11] is GRANTED.

2. That the Pretrial deadlines are modified as follows: the Plaintiff's expert disclosures are due on **January 30, 200;**, the Defendant's supplemental expert disclosures are due on **February 28,**

[2]Although the Plaintiff informed the Court that Germain has verbally agreed to produce the requested discovery, and appear for a deposition, we direct the parties' attention to our decision in Dunlap v. Chubb Life Ins. Co., 981 F. Supp. 1201 (D. Minn. 1997), for possible guidance in case a dispute remains.

**2002;** discovery will conclude on **March 15, 2002;** all nondispositive Motions shall be filed and the Hearing thereon completed by **March 30, 2002;** all dispositive Motions shall be filed and a hearing thereon completed by **April 30, 2002;** and the case shall be "Ready for Trial" on **April 30, 2002.**

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE