UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Scotty's Pub & Bottle Shop, Inc.,

Plaintiff,

vs. MINUTE ORDER

Badger Mutual Insurance Co.,

Defendant. Civ. No. 01-140 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of March, 2002.

* * *

On February 28, 2002, the Court heard argument on the Defendant's Motion to Exclude the Plaintiff's Expert Witnesses or, in the alternative, to extend the discovery deadline as to expert opinion evidence. At the time of the Hearing, the Plaintiff appeared by Robert J. Patient, Esq., and the Defendant appeared by Bradley J. Ayers, and Patrick R. Martin, Esqs. For reasons expressed at the close of the Hearing, and briefly reiterated below, we deny the Motion to Exclude, but amend the Scheduling Order as it relates to the disclosure, and discovery, of expert opinion evidence.

Notwithstanding our Minute Order of January 4, 2002, which allowed the Plaintiff until January 30, 2002, by which to disclose

FILED MAR 04 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

its expert opinion evidence, the Plaintiff failed to complete its disclosures until February 15, 2002.[1] The Plaintiff advances a number of explanations for the lateness of disclosure, which we detail no further than to say that the failure was not the product of any deliberate violation of the Rules governing such disclosures. Nonetheless, the Plaintiff's disclosures were untimely, even under the extension that the Court previously allowed. Where, as here, expert disclosures are untimely, sanctions are allowable under Rule 37(c), Federal Rules of Civil Procedure.[2] As we have previously noted:

> "While sanctions under Rule 37(c)(1) are mandatory, * * * exclusion of evidence should not apply if the offending party's failure was 'substantially justified,' or if the failure was 'harmless.'" Transclean Corp. v. Bridge-

[1]The Defendant contends that, even by that late date, the Plaintiff's disclosures failed to comply with Rule 26(a)(2), Federal Rules of Civil Procedure. Since those disclosures were not provided to the Court, we form no judgment as to their compliance with Rule 26(a)(2). We are satisfied that, by the remedy we prescribe any lack of detail will be rectified by such discovery as the Defendant intends to undertake.

[2]Rule 37(c) provides as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

> wood Services, Inc., [77 F. Supp.2d 1045,] 1064 [(D. Minn. 1999)]. These exceptions to Rule 37(c)(1)'s imperative serve "to avoid unduly harsh penalties" that may result from an inflexible application of the Rule. Id., citing Rule 37(c), Federal Rules of Civil Procedure, Advisory Committee Notes -- 1993 Amendments. In determining whether the automatic exclusion provisions of Rule 37(c)(1) should apply, the Court should consider the following four factors in assessing the substantiality of any proffered justification for the failure to disclose, as well as the harmlessness of that failure: 1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used at Trial, or on a Motion; and 4) the availability of a continuance to cure such prejudice. See, Transclean Corp. v. Bridgewood Services, Inc., supra at 1064, citing Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994); Millen v. Mayo Foundation, 170 F.R.D. 462, 465 (D. Minn. 1996); see also, Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 744 (Fed. Cir. 1997).

Transclean Corp. v. Bridgewood Services, Inc., 101 F. Supp.2d 788, 795-96 (D. Minn. 2000).

Thus, while we could exclude the opinions of the Plaintiff's experts that were not timely disclosed, which is the remedy the Defendant would impose, we will not do so if "the failure to meet a deadline was either harmless or substantially justified." Firefighters' Institute for Racial Equality v. City of St. Louis, 220 F.3d 898, 902 (8th Cir. 2000). Here, we find the Plaintiff's delay, in disclosing its expert opinion evidence, to be harmless.

Any harm, that could arise from the Plaintiff's delay is readily cured by a slight extension in the Court's Scheduling Order. While we are loath to entertain any delay in the progress of a case to Trial, our ultimate responsibility is to assure that the Jury, at the time of Trial, will be properly equipped to search for the truth. As a result, we will allow the Defendant until **April 1, 2002**, to disclose any rebuttal expert opinion evidence, and both parties shall have until **April 15, 2002**, to complete their respective expert discovery. If the Plaintiff finds a need to rebut any opinions expressed by the Defendant's expert rebuttal opinions, then the Plaintiff shall have until **April 15, 2001**, to disclose any sur-rebuttal evidence. Nondispositive Motions shall be filed, and heard, **by no later than May 1, 2002**, and any dispositive Motions shall be filed, and heard, **by no later than June 1, 2002**. In all other respects, the dates of our prior Scheduling Order shall remain in effect.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion to Exclude the Plaintiff's Experts is DENIED, but the Court modifies the current

deadlines for the disclosure, and discovery, of expert opinion evidence, as more fully detailed in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE