**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Scotty's Pub & Bottle Shop, Inc.,

Plaintiff,

v.

Badger Mutual Insurance Company,

Defendant.

Civil No. 01-140 (DWF/RLE)

**ORDER FOR JUDGMENT**

The above-entitled matter came on for trial before the undersigned and a jury on June 11, 12, 13, 17, 19, 20, 24, 25, 26, 27, and 28, 2002. On July 1, 2002, the jury returned its verdict in the form of Special Verdict answers to the questions that were posed to it by the Court. The Special Verdict Form is attached as Appendix A.

Based upon all of the files, records, and proceedings herein, including the answers to the Special Verdict questions returned by the jury on July 1, 2002, subscribed by the foreperson thereof on July 1, 2002, **IT IS ORDERED** that Plaintiff's Complaint against the Defendant in this case is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 15, 2002

DONOVAN W. FRANK
Judge of United States District Court

FILED JUL 1 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUL
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Scotty's Pub & Bottle Shop, Inc., Civil No. 01-140 (DWF/RLE)

Plaintiff,

v. **SPECIAL VERDICT FORM**

Badger Mutual Insurance Company,

Defendant.

We, the jury in the above-entitled action, return the following answers to the questions of fact presented to us:

1. Was the fire of May 12, 2000, at Scotty's Pub & Bottle Shop intentionally set?

Yes X No ____

**(If your answer to Question 1 is "yes," go to Question 2. If your answer to Question 1 is "no," then do not answer Question 2, but move on to answer Question 3 in the Special Verdict Form.)**

2. Did Plaintiff Scotty's Pub & Bottle Shop, Inc., or its agents, officers, or directors, intentionally and willfully set the May 12, 2000, fire to the insured property, or did Plaintiff or its agents, officers, or directors solicit, procure, aid or counsel some other person to do so?

Yes X No ____

3. After the fire, did Plaintiff or its agents, officers, or directors, make an oral or written misrepresentation of a material fact concerning this matter to Badger Mutual Insurance Company?

Yes X No ____

FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

Appendix A

**(If your answer to Question 3 is "yes," go to Question 4. If your answer to Question 3 is "no," then do not answer Question 4. If your answer to Question 2 is "no," then do not answer any more questions in the Special Verdict Form and have your foreperson sign and date this form because you have completed your deliberations.)**

4. Did Plaintiff Scotty's Pub & Bottle Shop, Inc. or its agents, officers, or directors, make the misrepresentation of a material fact with the intent to deceive and defraud Badger Mutual Insurance Company?

Yes X No ____

**(Sign and date the Special Verdict Form and inform the Court Security Officer that you have finished deliberating.)**

Dated: July 1, 2002

Vernon T. Atkins
(Foreperson)

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;' or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*