**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Scotty's Pub & Bottle Shop, Inc.,

Plaintiff,

v.

Badger Mutual Insurance Company,

Defendant.

Civil No. 01-140 (DWF/RLE)

**MEMORANDUM OPINION AND ORDER**

---

Robert J. Patient, Esq., Markley, Patient & Wald, 1250 Norwest Center, 55 Fifth Street East, St. Paul, MN 55101, counsel for Plaintiff.

Bradley J. Ayers, Esq., Patrick R. Martin, Esq., Shalanda D. Ballard, Esq., and Andrea Kiehl, Esq., Flynn Gaskins & Bennett, 2900 Metropolitan Center, 333 South Seventh Street, Minneapolis, MN 55402, counsel for Defendant.

---

The above-entitled matter is before the Court pursuant to the Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Plaintiff asserts two grounds for his motion. First, Plaintiff asserts that the Court's admission of testimony and evidence regarding the Plaintiff's prior fires was error. Second, Plaintiff asserts that the Court's admission of testimony from Deputy State Fire Marshal Mark Germaine and Defendant's retained expert Robert Whitemore was error to the extent that the opinions rendered by Mr. Germaine and Mr. Whitemore did not satisfy the threshold requirements of Rules 702, 703, and 704, of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999). Plaintiff's motion is opposed by the Defendant.

SEP 0 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Based upon the presentations and submissions of counsel; the Court having reviewed the contents of the file and the trial evidence in this case; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure (Doc. No. 74) is **DENIED** in all respects.

Dated: September 5, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The trial in this matter commenced on June 11, 2002, and concluded on June 28, 2002. The jury concluded that the fire of May 12, 2000, at Scotty's Pub & Bottle Shop was intentionally set and that the Plaintiff was responsible for the intentional fire. The Court entered judgment in this matter on July 15, 2002, dismissing the Plaintiff's complaint with prejudice. On July 25, 2002, the Plaintiff filed the motion for a new trial now before the Court.

With respect to the evidence regarding previous fires involving the property of Steven Scott, the Court stands by the rulings it made during the trial. The previous fire evidence was offered and admitted by the Court for a limited purpose, namely, to establish a common scheme or plan, lack of accident or mistake, motive, or intent. The Court limited the admission of the previous fire evidence to specific and undisputed facts. The jury was not informed that the previous fires were suspicious in nature or that two of Steven Scott's three prior insurance claims had been denied until the Plaintiff

requested disclosure of those facts. The evidence of the three previous fires was properly admitted pursuant to Article 4 of the Federal Rules of Evidence.

With respect to the testimony of Deputy Fire Marshal Mark Germain and Robert Whitemore, the Court was explicit in its rulings and the reasons for them, both at trial and during extensive pretrial hearings; the Court will not recount or belabor its rationale here. It is sufficient to note that the Court again stands by the rulings it made and the reasons for those rulings detailed in the record. The testimony of these two witnesses was properly admitted.

Even if the Court disregards the prior fire evidence and the expert testimony of Mark Germain and Robert Whitemore, there was overwhelming circumstantial evidence that the Scotty's Pub fire was intentionally set and that Steven Scott was responsible for setting it.

The record clearly establishes that the Plaintiff received a fair trial from an impartial jury. The jury's verdict was not against the great weight of the evidence. There was no miscarriage of justice in this case. *See Harrison v. Secretary, U.S. Dept. of the Army*, 119 F.3d 1313 (8th Cir. 1997). For these reasons, the motion of Plaintiff for a new trial, based upon the allegedly erroneous admission of evidence of prior fires and the allegedly erroneous receipt of expert testimony from Deputy Fire Marshal Mark Germain and Robert Whitemore, is respectfully denied.

D.W.F.